UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHANTE CHANELL
MCCLAINE,

                        Case No. 2:16-cv-13950

        Plaintiff,           District Judge Sean F. Cox

                        Magistrate Judge Anthony P. Patti

v.

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.

_____/

## REPORT AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DE 14) and DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DE 15)

**I.**    **RECOMMENDATION**: For the reasons that follow, it is

**RECOMMENDED** that the Court **DENY** Plaintiff's motion for summary

judgment (DE 14), **GRANT** Defendant's motion for summary judgment (DE 15),

and **AFFIRM** the Commissioner's decision.

**II.**    **REPORT**

       Plaintiff, Chante Chanell McClaine, brings this action under 42 U.S.C. §

405(g) for review of a final decision of the Commissioner of Social Security

("Commissioner") denying her application for disability insurance (DI) benefits.

This matter is before the Undersigned for a Report and Recommendation on

Plaintiff's motion for summary judgment (DE 14), the Commissioner's cross-motion for summary judgment (DE 15), and the administrative record (DE 7).

### A.     Background and Administrative History

Plaintiff alleges her disability began on August 2, 2011, at the age of 33.  (R. at 253.)  She lists "bi-polar disorder accompanied with major depression" as the conditions that limit her ability to work.  (R. at 279.)  Her application for DIB was denied on September 18, 2012.  (R. at 251-254, 134-141, 160-163.)

Plaintiff requested a hearing by an Administrative Law Judge ("ALJ").  (R. at 164-165.)  On September 23, 2013, ALJ Anthony R. Smereka held a hearing.  (R. at 109-133.)  On January 21, 2014, he determined that Plaintiff was not disabled within the meaning of the Social Security Act.  (R. at 142-155.)  On April 24, 2015, the Appeals Council vacated the hearing decision and remanded the case to establish a mental RFC and proffer Nick Boneff, Ph.D.'s October 9, 2013 psychological consultative examination ("CE") report and same-day medical source statement to the claimant and her representative.  (R. at 156-159; *see also* R. at 386-394.)

ALJ Smereka held another hearing on July 22, 2015.  (R. at 38-108.)  On November 18, 2015, he determined that Plaintiff was not disabled within the meaning of the Social Security Act.  (R. at 17-37.)  On September 6, 2016, the

Appeals Council denied Plaintiff's request for review.  (R. at 1-6, 14-16.)  Thus, ALJ Smereka's decision became the Commissioner's final decision.

Plaintiff timely commenced the instant action on November 7, 2016.  (DE 1.)

### B.   Plaintiff's Medical History

The administrative record contains more than 400 pages of medical records, of which Exhibits 1F through 8F were available to the ALJ at the time of his November 18, 2015 decision.  (R. at 37, 362-526.)  Exhibits 9F through 11F were available to the Appeals Council thereafter.  (R. at 4-5, 527-782.)  These will be discussed in detail, as necessary, below.

### C.   Hearing Testimony

#### 1.   Plaintiff's Testimony

Plaintiff testified at the July 22, 2015 hearing, when she was 37 years old. (R. at 45-88.)  Her husband also testified.  (R. at 88-97.)  As Plaintiff is not expressly challenging the ALJ's credibility assessment in the instant appeal, the Court will forego further summary of Plaintiff's testimony here and will only refer to it as necessary below.

#### 2.   Vocational Expert Testimony

Vocational expert (VE) Susan Lyon testified at the hearing, providing answers to several hypothetical questions.  (R. at 97-107.)

3

### D.     The Administrative Decision

On November 18, 2015, ALJ Smereka issued his decision.  (R. at 17-37.)  At **Step 1** of the sequential evaluation process,[1] the ALJ found that Plaintiff had not engaged in substantial gainful activity since August 2, 2011, the alleged onset date.  (R. at 23.)  At **Step 2**, the ALJ found that Plaintiff had the following severe impairment:  bipolar disorder.  (R. at 23.)  At **Step 3**, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments.  (R. at 23-25.)  Between **Steps 3 and 4** of the sequential process, the ALJ evaluated Plaintiff's residual functional capacity ("RFC")[2] and determined that Plaintiff:

> . . . has the [RFC] to perform a full range of work at all exertional levels but with the following nonexertional limitations:  The claimant should not work around hazards, including work at unprotected heights and around dangerous moving machinery; no climbing of any ladders, ropes or scaffolds; no driving in the course of employment; no work with the general public; no fast-paced work where the pace is set by others; and the ability for, but a restriction to, unskilled work.

(R. at 25-31.)  At **Step 4**, the ALJ determined that Plaintiff was unable to perform any past relevant work.  (R. at 31.)  At **Step 5**, considering Plaintiff's age, education, work experience, and RFC, the ALJ determined that there were jobs that

---

[1] *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

[2] The claimant's "residual functional capacity" is an assessment of the most the claimant can do in a work setting despite his or her physical or mental limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a); *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002).

existed in significant numbers in the national economy that Plaintiff could perform. (R. at 32-33.)  The ALJ therefore concluded that Plaintiff had not been under a disability, as defined in the Social Security Act, from August 2, 2011 through the date of the decision.  (R. at 33.)

### E.  Standard of Review

The District Court has jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g).  When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'"  *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. at 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. at 2007)); *see also* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . .").  Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).  In deciding whether substantial evidence supports the ALJ's decision, the court does "not try the case *de novo*, resolve conflicts in evidence or decide questions of credibility."  *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007);

5

*Rogers*, 486 F.3d at 247 ("It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant.").

Although the substantial evidence standard is deferential, it is not trivial. The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)). Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). Finally, even if the ALJ's decision meets the substantial evidence standard, "'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers*, 582 F.3d at 651 (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

## F.     Analysis

### 1.     Step 3 medical equivalence determination (SSR 96-6p)

Plaintiff contends that the ALJ erred when "he failed to have the case reviewed by Agency medical staff when key medical evidence was added to the record after a State agency medical consultant last reviewed this case." (DE 14 at

6

19-21.)  Although Plaintiff actually cites the earlier, October 9, 2013 psychological CE report and same-day medical source statement from Nick Boneff, Ph.D. (R. at 386-394), it seems that the "state agency" opinion to which she intended to refer is Dr. Boneff's later, May 16, 2015 psychological CE report and same-day medical source statement (R. at 472-480).  (*See* DE 14 at 20-21, R. at 30.)  In addition, while the ALJ was alerted to missing records at the July 22, 2015 hearing, the added medical evidence to which Plaintiff refers was not before the ALJ at the time of his November 18, 2015 decision.  (*See* R. at 37, 42, 43, 107.)  However, the additional records were before the Appeals Council when it issued its September 6, 2016 decision.  (R. at 4-5, 554-782.)[3]

SSR 96-6p, upon which Plaintiff relies, provides that "[a]n updated medical expert opinion must be obtained by the administrative law judge or the Appeals Council before a decision of disability based on medical equivalence can be made."  SSR 96-6P, 1996 WL 374180 (S.S.A. July 2, 1996).  As to "*Medical Equivalence to an Impairment in the Listing of Impairments*[,]" this regulation further provides:

---

[3] These 256 pages of records from Henry Ford Health System are dated as follows: **(a)** July 31, 2013 through September 10, 2015 (R. at 527-551 [Ex. 9F]), **(b)** July 26, 2012 (R. at 552-553 [Ex. 10F]), and **(c)** September 18, 2012 through September 10, 2015 (R. at 554-782 [Ex. 11F]).  Thus, the ranges for Exhibits 9F and 11F overlap.

> . . . an administrative law judge and the Appeals Council must obtain
> an updated medical opinion from a medical expert in the following
> circumstances:
>
> . . .
>
> * When additional medical evidence is received that in the opinion of
> the administrative law judge or the Appeals Council may change the
> State agency medical or psychological consultant's finding that the
> impairment(s) is not equivalent in severity to any impairment in the
> Listing of Impairments.
>
> When an updated medical judgment as to medical equivalence is
> required at the administrative law judge level . . ., the administrative
> law judge must call on a medical expert.  When an updated medical
> judgment as to medical equivalence is required at the Appeals Council
> level in either of the circumstances above, the Appeals Council must
> call on the services of its medical support staff.

*Id*. at *3-*4 (internal footnote omitted).

Plaintiff claims that 139 of the additional pages, ranging from August 12,

2013 through September 10, 2015, "detail[] her psychiatric medical condition

throughout this period (as outlined above in the facts section)."  (DE 14 at 19, 644-

782.)  This reference is not particularly helpful to the Court, as the "statement of

facts" section of Plaintiff's brief is more than six pages in length, and the latest

medical records she cites therein are Jean El-Fakhoury, L.M.S.W.'s September 20,

2013 medical source statement (R. at 395-399) and Dr. Boneff's October 9, 2013

psychological CE report and same-day medical source statement (R. at 386-394),

each of which were before the ALJ at the time of both his initial 2014 and

subsequent 2015 decisions.  (DE 14 at 10-17, R. at 36-37, 155.)  She argues that

8

remand for review by "Agency medical staff" is "particularly necessary," as the

ALJ found that Plaintiff's testimony and other medical documentation supported a

finding of "more disabled" than did CE Boneff on May 16, 2015 – an opinion to

which the ALJ gave a mixed assessment of "great weight" and "little weight."  (DE

14 at 19-20, R. at 30.)  Plaintiff's argument on this point is otherwise undeveloped.

Although Plaintiff claims that the added evidence "may document"

impairments "worse than initially believed," and also asserts that it "could change"

the CE's opinion (and, by extension, the ALJ's opinion given the manner in which

he relied upon the CE's opinion), Plaintiff has not shown how these 139 pages, or,

for that matter, any of the 256 pages presented to the Appeals Council, might do

so.  Thus, it is unclear to this Court how, if at all, Plaintiff is challenging the ALJ's

Step 3 determination that Plaintiff "does not have an impairment or combination of

impairments that meets or medically *equals* the severity of one of the listed

impairments…."  (R. at 23 (emphasis added)).  This is the standard at Step 3, and

Plaintiff fails to show how she meets it.  *See e.g., Grubbs v. Comm'r of Soc. Sec.*,

No. 2:16-CV-10426, 2017 WL 1214426, at *10-*11 (E.D. Mich. Feb. 17, 2017),

*report and recommendation adopted*, No. 16-10426, 2017 WL 1148918 (E.D.

Mich. Mar. 28, 2017).  Plaintiff having failed to show how "the voluminous new

medical evidence," which was added to the record since the second psychological

CE report, necessitated either calling a medical advisor to the hearing or subjecting

Plaintiff to a third CE, the ALJ's Step 3 decision should be affirmed.  *Walters v.*
*Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) ("during the first four
steps, the claimant has the burden of proof; this burden shifts to the Commissioner
only at Step Five.").

### 2.    Narrative discussion of the RFC (SSR 96-8p)

"The RFC assessment must include a narrative discussion describing how
the evidence supports each conclusion, citing specific medical facts (e.g.,
laboratory findings) and nonmedical evidence (e.g., daily activities, observations)."
SSR 96-8P (S.S.A. July 2, 1996).  Moreover:

> In assessing RFC, the adjudicator must discuss the individual's ability
> to perform sustained work activities in an ordinary work setting on a
> regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or
> an equivalent work schedule), and describe the maximum amount of
> each work-related activity the individual can perform based on the
> evidence available in the case record. The adjudicator must also
> explain how any material inconsistencies or ambiguities in the
> evidence in the case record were considered and resolved.

*Id*. (internal footnote omitted).  Also, the "narrative discussion requirements"
guidelines note that "[t]he RFC assessment must include a discussion of why
reported symptom-related functional limitations and restrictions can or cannot
reasonably be accepted as consistent with the medical and other evidence."  *Id*.

Plaintiff argues that the ALJ's RFC assessment is "simply conclusory" and
does not contain "any rationale or reference to the supporting evidence . . . ."  (DE
14 at 21-22.)  In support of this argument, Plaintiff references the ALJ's mixed

assessment of Dr. Boneff's May 16, 2015 psychological CE report and same-day

medical source statement, notably affording:  "great weight to Dr. Boneff's

assessment of the claimant's moderate difficulties in responding appropriately to

usual work situations and changes in routine work settings," but "little weight to

the remainder of his assessment, as it is not consistent with the record as a whole."

(R. at 30, 472-480.)  Plaintiff further points out that the ALJ afforded "little

weight" to Jean El-Fakhoury, L.M.S.W.'s September 20, 2013 medical source

statement.  (R. at 29, 395-399).

Given Plaintiff's discussion of these pieces of evidence, followed by the

assertion that "there are no other RFC assessments for the ALJ to rely upon in

assessing the *other areas* required by SSR 96-8p and SSR 85-15[,]" (DE 14 at 22

(emphasis added)), Plaintiff appears to be arguing that there is no "supporting

medical documentation" for those "other areas" to which the ALJ assigned "little

weight."  Assuming this is the case, Plaintiff's statement of error does not identify

which "other areas" she is challenging.  Plaintiff asserts that "the ALJ's decisions

in these other areas are simply conclusory . . . [,]" (DE 14 at 22); ironically, it is

her *challenge* to the ALJ's opinion which is conclusory.  Undeveloped arguments

are deemed waived.  *McPherson v. Kelsey*, 125 F.3d 989, 995-996 (6th Cir. 1997)

("'[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at

developed argumentation, are deemed waived. It is not sufficient for a party

to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones.'") (quoting *Citizens Awareness Network, Inc. v. United States Nuclear Regulatory Comm'n,* 59 F.3d 284, 293-294 (1st Cir.1995)) (citation omitted); *see also Carlin v. Comm'r of Soc. Sec.*, No. CIV.A. 12-10222, 2013 WL 639338, at *2 n.2 (E.D. Mich. Jan. 11, 2013) (Randon, M.J.) ("Plaintiff does not specify what restrictions the ALJ did not include in the RFC. Accordingly, this Magistrate Judge finds Plaintiff's argument is waived."), *report and recommendation adopted*, No. 12-10222, 2013 WL 639147 (E.D. Mich. Feb. 21, 2013) (Tarnow, J.).  Therefore, Plaintiff has not met her burden to remand on this basis. *Walters*, 127 F.3d at 529.

### 3.      Evaluating solely nonexertional impairments (SSR 85-15)

By way of background, the regulations describe both exertional and nonexertional limitations.  20 C.F.R. §§ 404.1569a, 416.969a.  Exertional limitations include "sitting, standing, walking, lifting, carrying, pushing, and pulling[.]"  Sections 404.1569a(b), 416.969a(c).  Examples of nonexertional limitations include:

> (i)      You have difficulty functioning because you are nervous, anxious, or depressed;
>
> (ii)     You have difficulty maintaining attention or concentrating;
>
> (iii)    You have difficulty understanding or remembering detailed instructions;

(iv)    You have difficulty in seeing or hearing;

(v)     You have difficulty tolerating some physical feature(s) of
        certain work settings, e.g., you cannot tolerate dust or fumes; or

(vi)    You have difficulty performing the manipulative or postural
        functions of some work such as reaching, handling, stooping,
        climbing, crawling, or crouching.

Sections 404.1569a(c), 416.969a(c).

Plaintiff argues that the ALJ did not properly assess her mental RFC.  (DE

14 at 23-24.)  Here, Plaintiff relies upon similar language within two SSRs:

Where a person's only impairment is mental, is not of listing severity,
but does prevent the person from meeting the mental demands of past
relevant work and prevents the transferability of acquired work skills,
the final consideration is whether the person can be expected to
perform unskilled work.  The basic mental demands of competitive,
remunerative, unskilled work include the abilities (on a sustained
basis) to understand, carry out, and remember simple instructions; to
respond appropriately to supervision, coworkers, and usual work
situations; and to deal with changes in a routine work setting.  A
*substantial loss* of ability to meet any of these basic work-related
activities would severely limit the potential occupational base.  This,
in turn, would justify a finding of disability because even favorable
age, education, or work experience will not offset such a severely
limited occupational base.

SSR 85-15, *4 (S.S.A. 1985) (emphasis added).  Likewise, the SSR discussed in

the previous section provides:

As with exertional capacity, nonexertional capacity must be expressed
in terms of work- related functions.  . . . Work-related mental
activities generally required by competitive, remunerative work
include the abilities to: understand, carry out, and remember
instructions; use judgment in making work-related decisions; respond

13

appropriately to supervision, co-workers and work situations; and deal with changes in a routine work setting.

SSR 96-8P, *6.

Plaintiff acknowledges that the ALJ afforded "great weight" to Dr. Boneff's May 16, 2015 assessment of Plaintiff's "moderate difficulties in responding appropriately to usual work situations and changes in routine work settings[.]" (DE 14 at 23-24, R. at 30.)  However, Plaintiff further asserts that "nowhere in the ALJ's decision does the ALJ outline the medical evidence and specifically address her ability to understand, carryout [sic] and remember instructions; use judgment in making work-related decisions; respond appropriately to supervision and co-workers."  (DE 14 at 24.)

Plaintiff's argument is unavailing.  First, as far as her medical records are concerned, the ALJ's November 18, 2015 decision contains express citations at various steps to each of the eight exhibits that were before him.  (*See* R. at 23-24, 26-31.)  Second, as to the ALJ's consideration of Plaintiff's nonexertional RFC limitations, I note that the record contains three medical source statement forms:

(a)   Therapist El-Fakhoury's September 20, 2013 form rates
        Plaintiff's "understanding and memory" as either mildly or
        moderately limited.  (R. at 396.)[4]  It rates her "sustained

---

[4] In fact, therapists are not "acceptable medical sources."  SSR 06-03P, 2006 WL 2329939, *2 (Aug. 9, 2006); *see also* 20 C.F.R. §§ 404.1502(a), 416.902(a). Instead, therapists are considered "other sources."  20 C.F.R. §§ 404.1513(d), 416.913(d) (effective September 3, 2013 – March 26, 2017).  As such, El-Fakhoury's opinion is not entitled to controlling weight.  *See Pellow v. Astrue*, No.

concentration and persistence" as either moderately or markedly limited and her "social interaction" as either mildly or moderately limited.  (R. at 397.)  Finally, in addition to rating Plaintiff's "adaptation" as mildly, moderately or markedly limited, El-Fakhoury rated Plaintiff as having substantial loss as contemplated by SSR 85-15 and/or SSR 96-9p and/or POMS DI 25020.010(A)(3)(b).  (R. at 398.)

**(b)**   Dr. Boneff's October 9, 2013 form rated Plaintiff as having *no limitations* with respect to "simple" instructions and work-related decisions but having mild limitations with respect to "complex" instructions and work-related decisions.  (R. at 391.) He also rated Plaintiff as having moderate limitations in her abilities to interact and to respond appropriately.  (R. at 392.)

**(c)**   Mirroring his prior form, Dr. Boneff's May 16, 2015 form rated Plaintiff as having *no limitations* with respect to "simple" instructions and work-related decisions but having mild limitations with respect to "complex" instructions and work-related decisions.  (R. at 477.)  Again mirroring his prior form, he rated Plaintiff as having moderate limitations in her ability to respond appropriately.  However, distinct from his prior form, he rated Plaintiff as having mild limitations in her ability to interact appropriately.  (R. at 478.)

The ALJ's Step 4 RFC determination expressly cited each of these medical source statements, ultimately assigning "little weight" to therapist El-Fakhoury's assessment and a mixture of "great weight" and "little weight" to each of Dr. Boneff's assessments; the ALJ's discussion of these reports mentioned Plaintiff's

09-11587, 2010 WL 1626396, at *4 (E.D. Mich. Mar. 31, 2010) (Morgan, M.J.) ("the opinion of Plaintiff's therapist . . . , a Licensed Master Social Worker, is not entitled to controlling weight . . . [.]"), *report and recommendation adopted*, No. CIV 09-11587, 2010 WL 1626394 (E.D. Mich. Apr. 21, 2010) (Feikens, J.).

abilities as to instructions, work-related decisions, and responding appropriately. (*See* R. at 28-30.)[5]

More specifically, the ALJ afforded "great weight" to Dr. Boneff's 2013 assessment regarding Plaintiff's "social functioning," given Plaintiff's "mania, depression, irritability, and anger problems[;]" and, after discounting the remainder of this assessment, the ALJ found that Plaintiff "has moderate limitations in concentration, persistence or pace that functionally limit her to unskilled work that involves simple, routine and repetitive tasks."  (R. at 29-30.)  Arguably, as the Commissioner contends, the ALJ's nonexertional RFC limitations were "even more limiting" than Dr. Boneff's 2015 opinion.  (DE 15 at 15.)   Plaintiff nevertheless contends that the ALJ's RFC assessment does not consider the impact of Plaintiff's bipolar disorder "on functional ability as required by SSR 96-8p." (DE 14 at 23.)  For the foregoing reasons, the Court should disagree.

In sum, Plaintiff has failed to successfully challenge the ALJ's nonexertional Step 4 RFC limitations, which include  "not work[ing] around hazards, . . . no

---

[5] The Court notes that, while the ALJ described therapist El-Fakhoury's rating on Plaintiff's "social interaction" limitations as "overall mild," and while most ratings in this category were, in fact, checked as "mildly limited," El-Fakhoury actually rated Plaintiff as "moderately limited" in her "ability to accept instructions and to respond appropriately to criticism from supervisors."  (*Compare* R. at 29, 397.) This appears to be an inconsequential inaccuracy, as the ALJ afforded "great weight" to Dr. Boneff's 2015 assessment that Plaintiff has "moderate difficulties in responding appropriately to usual work situations and changes in routine work settings . . . [.]"  (R. at 30.)

driving in the course of employment; no work with the general public; no fast-paced work where the pace is set by others; and the ability for, but a restriction to, unskilled work." Plaintiff's statement of error fails to show that the ALJ omitted some other type of necessary nonexertional RFC limitation supported by the record evidence. Accordingly, I find that Plaintiff has not met her burden to remand on this basis. *Walters*, 127 F.3d at 529.

### 4.   Recontacting a treating medical provider (20 C.F.R. §§ 404.1512(e), 416.912(e))

In her final basis for appeal, Plaintiff argues that the ALJ "committed reversible error in failing to recontact the Plaintiff's treating medical provider . . . [,]" namely Jean El-Fakhoury, L.M.S.W. (DE 14 at 24-27.) The medical record includes several of El-Fakhoury's treatment notes (*see*, *generally*, R. at 400-471, 506-526, 527-551, R. at 554-782), in addition to her September 30, 2013 medical source statement (R. at 395-399). Among other comments on El-Fakhoury's records, the ALJ afforded the medical source statement "little weight," as there were "inconsistencies within the assessment and between the assessment and the record as a whole[,]" including an inconsistency between the assessment and April and May 2013 treatment notes. (R. at 29, 438, 443.)

Although this portion of Plaintiff's argument also mentions the regulations for weighing medical opinions, 20 C.F.R. §§ 404.1527(c), 416.927(c), the essence of this statement of error is that 20 C.F.R. §§ 404.1512(e), 416.912(e) "specifically

require[] that the ALJ seek additional evidence or clarification from a medical

source when the report from a medical source contains a conflict or ambiguity."

(DE 14 at 26.)  However, "Sections 404.1512(e) and 416.912(e) were amended

effective March 26, 2012, and the provisions for recontacting a treating physician

or other medical source are now found at 20 C.F.R. §§ 404.1520b(c)(1) and

416.920b(c)(1)."  *McBride v. Comm'r of Soc. Sec.*, No. 1:16-CV-708, 2017 WL

3393948, at *12 n.4 (S.D. Ohio Aug. 7, 2017), *report and recommendation*

*adopted sub nom. McBride v. Commissioner of Soc. Sec.*, No. 1:16-CV-708, 2017

WL 4230516 (S.D. Ohio Sept. 25, 2017).  "The regulations as amended specify

that recontacting a treating physician or other medical source is permissive, not

mandatory."  *Id*. (citing 20 C.F.R. §§ 404.1520b(c)(1), 416.920b(c)(1).  The

regulation provides, in pertinent part:

> We *may* recontact your treating physician, psychologist, or other medical
> source.  We *may* choose not to seek additional evidence or clarification from
> a medical source if we know from experience that the source either cannot or
> will not provide the necessary evidence.

20 C.F.R. §§ 404.1520b(c)(1), 416.920b(c)(1) (effective Mar. 26, 2012 to Mar. 26,

2017) (emphases added).  .   In other words, "ALJs now have discretion to decide

whether to recontact."  *Hollis v. Comm'r of Soc. Sec.*, No. 13-13054, 2015 WL

357133, at *23 (E.D. Mich. Jan. 27, 2015) (Friedman, J., adopting report and

recommendation of Morris, M.J.) (citing 20 C.F.R. §§ 404.1520b(c), 416.920b(c)).

18

*See also, Ali v. Comm'r of Soc. Sec.*, No. 5:14-CV-13939, 2016 WL 1090442, at *9-*10 (E.D. Mich. Mar. 21, 2016), (DE 15 at 22.)

Plaintiff has relied upon outdated portions of Sections 404.1512, 416.912. Moreover, she has failed to address the discretion afforded to the ALJ under the applicable versions of Sections 404.1520b(c)(1), 416.920b(c)(1). In addition, as mentioned above, she has not advanced a developed opinion evidence argument under Sections 404.1527(c)(3), 416.927(c)(3). Here, the ALJ was well within his authority to assign little weight to El-Fakhoury's opinion, especially considering that she is not an "acceptable medical source" under SSR 06-03P, and well within his discretion to refrain from recontacting her. This is particularly so in light of the other medical evidence and opinions he had available to him, namely the two CE reports and medical source statements from Dr. Boneff. As such, this case should not be remanded on the basis that the ALJ failed to re-contact treating therapist El-Fakhoury.

### G.     CONCLUSION

Accordingly, it is **RECOMMENDED** that the Court **DENY** Plaintiff's motion for summary judgment (DE 14), **GRANT** Defendant's motion for summary judgment (DE 15), and **AFFIRM** the Commissioner of Social Security's decision.

## III.     PROCEDURE ON OBJECTIONS

19

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Hum. Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.* Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated:  January 29, 2018          s/Anthony P. Patti
                                  Anthony P. Patti
                                  UNITED STATES MAGISTRATE JUDGE


**<u>Certificate of Service</u>**

I hereby certify that a copy of the foregoing document was sent to parties of record on January 29, 2018, electronically and/or by U.S. Mail.

                                  s/Michael Williams
                                  Case Manager for the
                                  Honorable Anthony P. Patti